CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
SEP 0 7 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| RONALD L. CURRY, | ) |
| | ) Civil Action No. 5:10CV00026 |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

The plaintiff, Ronald L. Curry, was born on September 23, 1959, and eventually reached the eighth grade in school. Mr. Curry has worked as a carpenter, poultry plant laborer, refrigeration installer, and insulation installer. The record indicates that plaintiff last worked on a regular and sustained basis in 2001, though he continued to work on an intermittent basis for several years

thereafter. On September 26, 2006, Mr. Curry filed an application for supplemental security income benefits. Earlier applications for social security benefits had proven unsuccessful. In filing his most recent claim, Mr. Curry alleged that he became disabled for all forms of substantial gainful employment on April 15, 2001 due to degenerative disc disease and a history of three fractured vertebrae; high blood pressure; and stomach problems including acid reflux disorder. Mr. Curry now maintains that he has remained disabled to the present time.

Mr. Curry's application was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 5, 2009, the Law Judge also determined that Mr. Curry is not disabled. The Law Judge found that plaintiff suffers from severe impairments including degenerative disc disease, hypertension, and gastroesophageal reflux disease. Because of these impairments, the Law Judge held that Mr. Curry is disabled for his past relevant work roles. The Law Judge determined that plaintiff retains sufficient functional capacity for a limited range of light exertion. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work with occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs, never climbing ladders, ropes or scaffolds and avoidance of concentrated exposure to fumes, odors, dusts, gases and poor ventilation. (TR 42).

Given such a residual functional capacity, and after considering Mr. Curry's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that plaintiff retains sufficient functional capacity for several specific light work roles existing in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Curry is not disabled, and that he is not entitled to supplemental security income benefits. See 20 C.F.R.

§ 416.920(g). Following issuance of the Administrative Law Judge's opinion, plaintiff submitted new medical evidence to the Social Security Administration's Appeals Council. However, the Appeals Council eventually adopted the Law Judge's opinion as the final decision of the Commissioner. Having exhausted all available administrative remedies, Mr. Curry has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The medical record confirms that plaintiff suffers from hypertension, gastroesophageal reflux disease, and degenerative disc disease. While the medical reports reflect fluctuation in blood pressure levels, the record establishes that Mr. Curry's blood pressure remains under control when he is properly medicated. There is no indication that plaintiff's hypertension constitutes or contributes to an overall disability. Likewise, plaintiff's acid reflux disease has proven amenable to treatment through conservative measures. Mr. Curry takes medication for this condition as needed. On the other hand, plaintiff's degenerative disc disease has proven to be more problematic. Mr. Curry testified that his back problems began when he was struck by lightening in the late 1990s. Plaintiff indicated that he experienced injuries to his spinal column. The medical record confirms that Mr. Curry carries diagnoses of degenerative disc disease with old compression fractures. However, none

of the objective medical studies has revealed any significant mechanical defects, other than mild lumbar spondylosis. The medical record considered by the Administrative Law Judge also reveals that Mr. Curry's clinical findings are not overly remarkable. Plaintiff's doctors have reported that medications are somewhat successful in relieving his pain. In short, based on the record presented to the Administrative Law Judge, the court concludes that there is substantial evidence to support the Commissioner's findings that Mr. Curry remains capable of performing a restricted range of light work activity. Indeed, the court finds that the Administrative Law Judge's opinion is thorough, comprehensive, and consistent with the medical record developed as of the date of the Law Judge's opinion. Accordingly, the court concludes that the final decision of the Commissioner is supported by substantial evidence.

There is an additional issue in this case which requires further attention. As previously noted, some time after the Administrative Law Judge rendered his opinion, Mr. Curry submitted additional medical evidence to the Social Security Administration's Appeals Council. Most of the new reports simply document continuing treatment, and offer little new insight as to the severity of plaintiff's condition. However, also included is a letter from one of plaintiff's treating physicians, Dr. Harold E. Huffman, dated September 7, 2009. Dr. Huffman reported as follows:

> [Mr. Curry] has been treated by me since 2005 for his back problems. He stated that his back problem started in the mid 1990's when he was living in Florida and was working on his carport and during a storm, he suffered near electrocution when the house was struck by lightening and he felt it pass through his body. Immediately he felt pain in his back but did not go for a checkup at that time. He did develop blisters on both sides of his body at the level of his lumbar spine. Over the years, the pain has intensified. It is located in his midback area and is made worse by physical exertion. In addition to that injury more recently his problem has been compounded by the fact that he has been in at least one motor vehicle accident.

> He presented to the Emergency Department on February 5, 2005 and had an x-ray that showed that he had had compression fractures of T12 and L1 with some anterior wedging of T12. Since that date I have been trying to help him by using pain medications and by referring him to a number of other practitioners, but none of the specialists have been able to add much to his therapy. He has seen orthopedists in both Harrisonburg and at University of Virginia. Braces and physical therapy have been tried. More recent studies have shown degenerative disc disease of the lumbar spine and facet arthropathy in addition to his old fractures that I have referred to before. In checking him over on Sept. 4, 2009, I noted that the normal lordotic curve that his lumbar spine should have is missing. Instead, his lumbar spine is straight. It is my opinion that this condition is the result of the fractures and the healing with the anterior compression of the two vertebrae. Due to the fact that his educational accomplishments are quite limited and the only possible gainful employment would require that his back be strong, it is my opinion that he should be declared permanently disabled. This condition has lasted for the last 4 years and it is my opinion that it will last more than a year longer. He has tried to work using pain medications, but it is my recommendation that this type of work be curtailed because in taking strong medicine and trying to do that type of work is probably causing deterioration in his condition.

(TR 55).

In adopting the Law Judge's opinion as the final decision of the Commissioner, the Appeals Council indicated that it had received new evidence, but gave no indication as to what reasons were considered to be in support of the decision to adopt the Administrative Law Judge's opinion despite the submission of Dr. Huffman's letter of September 7, 2009. (TR 1-4). Plaintiff now seeks remand of his case to the Commissioner for further consideration of his claim for supplemental security income benefits.

It is true that this court has sometimes held that it is necessary to remand a case to the Commissioner for further consideration when the Appeals Council fails to give reasons for concluding that new evidence submitted directly to the Appeals Council is not such as to necessitate further consideration by a Law Judge. See Alexander v. Apfel, 14 F. Supp. 2d 839, 843 (W.D.Va. 1998). As noted above, the Appeals Council gave absolutely no reason for concluding that the new

medical reports in Mr. Curry's case were not such as to justify further consideration. However, in Alexander, the court also noted that remand is sometimes unnecessary when it is clear upon review of such "interim" evidence, that the Commissioner's underlying decision is, or is not, supported by substantial evidence. 14 F. Supp. 2d at 844 n. 3.

In the instant case, the court does not believe that the new evidence submitted to the Appeals Council is such as to require additional consideration by the Law Judge. As for Mr. Curry's objective medical status, Dr. Huffman's more recent letter gives no indication as to the existence of physical problems and conditions not already considered by the Law Judge. While it is true that Dr. Huffman has now opined that plaintiff's physical conditions render him disabled for all forms of work, the doctor's opinion is predicated on his finding that Mr. Curry is no longer able to do heavy work and that plaintiff's educational and vocational accomplishments prevent performance of any lighter forms of work activity. Stated simply, vocational considerations are not within the doctor's primary area of expertise. As previously noted, the Administrative Law Judge explicitly found that Mr. Curry is disabled for anything more than a limited range of light exertion. The Law Judge properly considered testimony from a vocational expert in concluding that there are specific light work roles existing in significant number in the national economy which plaintiff could be expected to perform, despite his physical limitations. It appears to the court that the vocational expert's assessment, and the assumptions under which the expert deliberated, are both reasonable and consistent with the medical record. The court concludes that the Law Judge properly relied upon the vocational expert's testimony. It follows that Dr. Huffman's opinion as to plaintiff's disability is not especially probative or helpful. The court concludes that there is no cause for remand of this case to the Commissioner for further development. See Alexander v. Apfel, supra.

For the reasons stated, the court concludes that the final decision of the Commissioner must be affirmed. In affirming the Commissioner's final decision, the court does not suggest that Mr. Curry is free of all pain and discomfort. Indeed, the medical record confirms that plaintiff suffered a significant accident which affected the stability of his spine. He continues to experience degenerative disease process which can be expected to result in symptoms of pain, weakness, and lack of stamina. However, it must again be noted that the clinical findings in Mr. Curry's case are not overly remarkable. No doctor has suggested that plaintiff is disabled for lighter forms of work activity. It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all the medical evidence, and the related subjective factors reasonably supported by the medical record, in adjudicating Mr. Curry's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence. In passing, the court notes that if more recent medical reports indicate some deterioration in Mr. Curry's physical condition, he may wish to consider filing a new claim for supplemental security income benefits in which all of the existing medical record can be given full consideration.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 7th day of September, 2010.

_____
Chief United States District Judge